UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA,       )
                                )
            Plaintiff,          )
                                )
v.                              )          No. 3:26-CR-20-KAC-DCP
                                )
DALE AARON JACKS,               )
                                )
            Defendant.          )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Dale Jacks's Motion to Continue Trial and Related Dates [Doc. 16], filed on April 8, 2026. Defendant requests a trial continuance and extension of deadlines [*Id.* at 1].

Defendant asks the Court to continue the April 10, 2026 plea deadline and the May 12, 2026 trial date [*Id.*]. As grounds, Defendant states defense counsel needs time to complete his investigation and to confer with Defendant about the case [*Id.* ¶ 1]. The motion relates that a trial continuance will also permit time for the parties to seek a negotiated resolution [*Id.* ¶ 2]. Defendant Jacks understands that the time between the filing of the motion and the new trial date will be excludable under the Speedy Trial Act [*Id.* ¶ 3]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 4].

Based upon the information in Defendant's motion, and because the Government does not oppose a continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both

result in a miscarriage of justice and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to complete his investigation of the case and to confer with Defendant. The parties also seek additional time to engage in plea negotiations. Finally, if plea negotiations ultimately prove unfruitful, counsel will need time to prepare for trial. The Court finds that all of this cannot occur before the May12, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion to Continue Trial and Related Dates [**Doc. 16**]. The trial of this case is reset to **August 4, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of Defendant's motion on April 8, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion to Continue Trial and Related Dates [**Doc. 16**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **August 4, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **April 8, 2026**, and the new trial date of **August 4, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 2, 2026**;

(5) the deadline for filing motions *in limine* is **July 20, 2026**, and responses to motions *in limine* are due on or before **July 28, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 21, 2026, at 1:30 p.m.**; and

2

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 24, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3